**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VANESSA HERNANDEZ,  ) | |
| ) | |
| Plaintiff,  ) | Case No: |
| ) | |
| v.  ) | Judge: |
| ) | |
| EQUIFAX INFORMATION SERVICES, LLC,  ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC.,  ) | |
| TRANS UNION LLC, and LVNV FUNDING  ) | |
| ) | |
| Defendants.  | |

**VERIFIED COMPLAINT**

Vanessa Hernandez ("Plaintiff") brings this action on behalf of herself against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and LVNV Funding LLC ("LVNV Funding") (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

1.      Twenty-three million people are victims of identity theft each year.[1]  Plaintiff is a victim of identity theft.

2.      Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

---

[1] <u>Victims of Identity Theft, 2018</u>, 1. U.S. Dept. of Justice, Bureau of Justice Statistics.  April 2021, NCJ 256085.

3.     The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692 (e); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The statute provides for civil liability for a wide range of abusive actions, including but not limited to, the false representation of the character, amount or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

4.     "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681(a)(4).

5.     Consumer reporting agencies are to "[…] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681(b).

6.     Plaintiff is alleging that Defendants failed to conduct a reasonable investigation into an account appearing on Plaintiff's credit reports that was opened fraudulently due to identity theft. This failure has caused significant damage to Plaintiff.

7.     Defendants have failed in their grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy, which failures are causing damage to Plaintiff.

## JURISDICTION & VENUE

8.     Jurisdiction is proper under 28 U.S.C. § 1331, ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce…") and 15 U.S.C. §1681p ("FCRA") and 15 U.S.C. § 1692e ("FDCPA").

9.     Venue is proper in this judicial district because Defendants engaged in the complained of acts in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ..."). Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## **PARTIES**

10.     Plaintiff is a natural person who resides in Cook County, Illinois.

11.     Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c): "an individual."

12.     Plaintiff is also a "consumer" as defined by the FDCPA. *See* 15 U.S.C. § 1692a(3) respectively.

13.     Defendant Trans Union is a limited liability company with its principal place of business located in Chicago, Illinois. Trans Union's registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

14.     Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

15.     Defendant Equifax is a limited liability company with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax's registered agent is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

16.     Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing or credit capacity.

17.     Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent, C T Corporation System, is located at 208 S. LaSalle St. Suite 814, Chicago, IL 60604-1101.

18.     Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

19.     Defendant LVNV Funding is a company that buys charged-off accounts from creditors and uses Resurgent Capital Services L.P. ("Resurgent") to collect the debt.[2] LVNV Funding's principle place of business is located at 355 S. Main Street Ste 300-D, Greenville, SC 29601. Its registered agent is Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

20.     Defendants regularly conduct business in the State of Illinois.

## FACTS

21.     In or around May 2025, Plaintiff received an advertisement letter from an attorney offering to defend her in a collection lawsuit that had been filed against her. The letter stated that Plaintiff was being sued by LVNV Funding for $2111.00.

22.     Plaintiff soon discovered that a debt collection petition had been filed against her on April 15, 2025, in Cook County, Illinois by LVNV Funding alleging that Plaintiff defaulted on a Credit One Bank N.A. ("Credit One") credit card in the amount of $2111.01 and that LVNV

---

[2] https://www.lvnvfunding.com/, September 9, 2025

Funding was the owner of the debt. Plaintiff was confused as she did not have a Credit One credit card in default and had never been contacted by LVNV Funding before.

23.    On May 20, 2025, Plaintiff accessed her credit reports and discovered that a fraudulent Credit One account had been opened in her name without her knowledge or consent and that LVNV Funding was trying to collect on the fraudulent account. Experian, Equifax and Trans Union were reporting the fraudulent account on Plaintiff's credit reports, under LVNV Funding account 444796244033****, with original creditor Credit One as a derogatory account opened by Plaintiff with a past due balance of $2,111.00 that was in collections.

24.    On May 29, 2025, Plaintiff filed a report with the City of Chicago police department regarding LVNV Funding's collection of the fraudulent Credit One account that was discovered on her credit reports

25.    On May 30, 2025, Plaintiff submitted an FTC Identity Theft Report regarding the LVNV collection of fraudulent Credit One account that was discovered on Plaintiff's credit reports.

26.    Plaintiff decided to pay a professional to help correct the growing financial issue that was caused by Defendants.

27.    On June 2, 2025, Plaintiff caused to be sent a properly addressed dispute letter with sufficient postage, via certified mail, to Trans Union stating that the LVNV Funding collection account was the result of identity theft and should be removed from her credit file. Plaintiff included a copy of her FTC Identity Theft Report and City of Chicago police report with this dispute to Trans Union.

28.    On June 2, 2025, Plaintiff caused to be sent a properly addressed dispute letter with sufficient postage, via certified mail, to Experian stating that the LVNV Funding collection

account was the result of identity theft and should be removed from her credit file. Plaintiff included a copy of her FTC Identity Theft Report and City of Chicago police report with this dispute to Experian.

29.     On June 2, 2025, Plaintiff caused to be sent a properly addressed dispute letter with sufficient postage, via certified mail, to Equifax stating that the LVNV Funding collection account was the result of identity theft and should be removed from her credit file. Plaintiff included a copy of her FTC Identity Theft Report and City of Chicago police report with this dispute to Equifax.

30.     On June 6, 2025, Defendant Experian received its certified dispute letter -USPS tracking number 9407-1118-9876-5448-5796-01.

31.     On June 7, 2025, Defendant Trans Union received its certified dispute letter -USPS tracking number 9407-1118-9876-5448-5464-67.

32.     On June 7, 2025, Defendant Equifax received its certified dispute letter -USPS tracking number 9407-1118-9876-5448-5734-25.

33.     On or around June 26, 2025, Plaintiff received a response letter to her June 2025 dispute via postal mail from Trans Union. The response letter stated that Trans Union reviewed Plaintiff's dispute and verified that the LVNV Funding collection account was accurate.

34.     On or around July 24, 2025, Plaintiff received a letter from Resurgent on LVNV Funding's behalf stating that it had reviewed Plaintiff's identity theft claim in connection with the LVNV Funding collection account and that it was unable to validate Plaintiff's claim. The letter stated that Plaintiff owed a balance to LVNV Funding in the amount of $2,111.01. As supporting documentation, Resurgent attached a monthly statement for the fraudulent Credit One account for the billing cycle ending on February 27, 2023.

35.    Plaintiff did not receive a response to her June 2025 dispute letter from Equifax or Experian.

36.    On July 23, 2025, Plaintiff accessed her credit reports again, and to Plaintiff's dismay, found that Experian, Equifax and Trans Union were still reporting the fraudulent LVNV Funding collection account on Plaintiff's credit reports, under 444796244033****, with original creditor Credit One as a derogatory account opened by Plaintiff with a past due balance of $2,111.00 that was in collections.

37.    On or about August 25, 2025, Plaintiff applied for an American Express credit card and was denied due to the inaccuracies reporting on her credit reports.

38.    Plaintiff never received a notification from Experian, Equifax or Trans Union that an identity theft block was processed or declined regarding the fraudulent LVNV Funding collection account.

39.    Upon information and belief, Experian, Equifax and Trans Union forwarded Plaintiff's dispute letters to LVNV Funding as they are required to under the FCRA.

40.    Prior to reporting the collection of the fraudulent Credit One collection account to the credit reporting agencies, Defendant LVNV Funding failed to notify Plaintiff of the possible reporting under Regulation F. 12 CRF part 1006. Rather, Defendant LVNV "parked" the adverse information on Plaintiff's credit reports without providing advanced notice in an attempt to collect on the false and fraudulent Credit One account.

41.    Despite Plaintiff's lawful requests for removal of the information as to the fraudulent LVNV Funding collection account pursuant to the FCRA, Defendants failed to adequately investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and fraudulent items from Plaintiff's credit reports.

42.     Upon information and belief, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed and fraudulent items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

43.     Multiple third-party potential creditors have reviewed Plaintiff's Experian, Trans Union and Equifax credit reports that contains erroneous information

44.     The Defendants' actions have damaged Plaintiff financially. Plaintiff has suffered credit card denial, loss of financial independence and paid for a professional company to help her remove the fraudulent reporting to her credit reports. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer damage to reputation, humiliation, loss of self-esteem, emotional distress, frustration, mental anguish, anxiety.

45.     Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

   i.   Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, loss of focus and production;

   ii.  Time and expense of pulling/reviewing credit reports and sending dispute letters to Defendants;

   iii. Believing that the LVNV Funding collection account may continue to be reported inaccurately and misleadingly through no fault of Plaintiff and have a chilling effect on her ability to obtain credit;

   iv.  Adverse information on Plaintiff's credit reports and a negative impact to Plaintiff's credit rating;

   v.   An inability to improve Plaintiff's credit score during the dispute process;

   vi.  Invasion of privacy;

   vii. Denial of a credit card;

   viii. A lower credit score; and

ix.  Having to hire attorneys to combat the improper credit reporting.

## COUNT I – Trans Union -Failure to Reasonably Investigate
## Violations of FCRA §§ 1681e(b) and 1681i

46.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

47.  A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative
> nonprofit basis, regularly engages in whole or in part in the practice
> of assembling or evaluating consumer credit information or other
> information on consumers for the purpose of furnishing consumer
> reports to third parties, and which uses any means or facility of
> interstate commerce for the purpose of preparing or furnishing
> consumer reports.

*See* 15 U.S.C. § 1681a(f).

48.  Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

49.  Pursuant to 15 U.S.C. § 1681i(a)(1)(A), if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

50.  Pursuant to 15 U.S.C. § 1681i(a)(4) Defendant Trans Union must "review and consider all relevant information submitted by the consumer" when it conducts any reinvestigation requested by a consumer.

9

51.     Here, Plaintiff sent a dispute letter along with supporting documentation to Trans Union requesting that Trans Union remove the fraudulent LVNV Funding collection account information from her Trans Union credit report.

52.     Defendant Trans Union failed to conduct a reasonable investigation of the inaccurate and unverifiable information in Plaintiff's Trans Union credit file regarding the fraudulent LVNV Funding collection account after receiving actual notice of the inaccuracies with supporting documentation showing that the LVNV Funding collection account was reporting inaccurately.

53.     Defendant Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

54.     Defendant Trans Union violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's dispute concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b.  failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

   c.  failing to provide Plaintiff's disputes to the companies that provided the information to Trans Union within 5 business days, in violation of § 1681i(a)(2);

   d.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

   e.  failing to properly delete items of disputed information from Plaintiff's credit file that Trans Union could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

55.     These violations of §§ 1681e(b) and 1681i were willful, rendering Defendant Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

56.     In the alternative, Defendant Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

57.     Plaintiff has suffered credit card denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Trans Union's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

     a.  Enter judgment in Plaintiff's favor and against Defendant Trans Union;
     b.  Appropriate statutory penalties for each violation of the FCRA;
     c.  Actual damages;
     d.  Punitive damages;
     e.  Reasonable attorney's fees and the costs of this litigation;
     f.  Pre-judgment and post-judgment interest at the legal rate;
     g.  Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
     h.  such other relief as the Court deems equitable, just, and proper.

## COUNT II – Trans Union -Failure to Block Information
## Violations of FCRA § 1681c-2

58.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

59.     Pursuant to 15 U.S.C. § 1681c-2(a) a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of (1) appropriate proof of the identity of the consumer; (2) a copy of an identity

theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

60.     Pursuant to 15 U.S.C. § 1681c-2(b) A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block.

61.     Pursuant to 15 U.S.C. § 1681c-2(c)2, "If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly."

62.     Here, Plaintiff sent a dispute letter to Trans Union explaining that the LVNV Funding collection account was the result of her identity being stolen and included proof of identity, a copy of her FTC identity theft report and City of Chicago police report with her dispute letter.

63.     Defendant Trans Union continued to report the fraudulent LVNV Funding collection account on Plaintiff's credit file and did not respond to or notify Plaintiff that an identity theft block of the LVNV Funding collection account was declined.

64.     Defendant Trans Union violated 15 U.S.C. § 1681c-2(a) by its conduct, acts, and omissions in failing to block the reporting of information in Plaintiff's consumer file regarding the fraudulent LVNV Funding collection account after receiving actual notice of the identity theft with supporting documentation.

65.     Defendant Trans Union violated multiple sections of 15 U.S.C. § 1681c-2 by its acts and omissions,including, but not limited to, the following:

> a.     failing to block the reporting of information in Plaintiff's consumer credit file within 4 business days after receiving notice that the LVNV Funding collection account was the result of Plaintiff's identity being stolen in violation of § 1681c-2(a);

b.     failing to promptly notify LVNV Funding that the information in Plaintiff's consumer credit file may be the result of identity theft in violation of § 1681c-2(b)(1);

c.     failing to promptly notify LVNV Funding that an identity report has been filed regarding the fraudulent LVNV Funding collection account in violation of § 1681c-2(b)(2);

d.     failing to promptly notify LVNV Funding that a block on Plaintiff's credit file had been requested and the effective dates of said block in violation of § 1681c-2(b)(3) and (4); and

e.     failing to promptly notify the Plaintiff that a block of the LVNV Funding collection account had been declined or rescinded in violation of § 1681c-2(c)(2).

66.     These violations of §§ 1681c-2 were willful, rendering Defendant Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

67.     In the alternative, Defendant Trans Union's violations of § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

68.     Plaintiff has suffered credit card denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Trans Union's failure to fully and properly process a block of the fraudulent information in Plaintiff's credit file.

WHEREFORE, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendant Trans Union;
b.  Appropriate statutory penalties for each violation of the FCRA;
c.  Actual damages;
d.  Punitive damages;
e.  Reasonable attorney's fees and the costs of this litigation;
f.  Pre-judgment and post-judgment interest at the legal rate;
g.  Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h.  such other relief as the Court deems equitable, just, and proper.

## COUNT III – Experian -Failure to Reasonably Investigate
## Violations of FCRA §§ 1681e(b) and 1681i

69.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

70.     A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative
> nonprofit basis, regularly engages in whole or in part in the practice
> of assembling or evaluating consumer credit information or other
> information on consumers for the purpose of furnishing consumer
> reports to third parties, and which uses any means or facility of
> interstate commerce for the purpose of preparing or furnishing
> consumer reports.

*See* 15 U.S.C. § 1681a(f).

71.     Experian is a consumer reporting agency as defined by Section 1681a(f) of the

FCRA.

72.     Pursuant to 15 U.S.C. § 1681i(a)(1)(A), if a consumer disputes any item of

information contained in his or her credit report, a consumer reporting agency must "conduct a

reasonable reinvestigation to determine whether the disputed information is inaccurate and record

the current status of the disputed information, or delete the item from the file…before the end of

the 30-day period beginning on the date on which the agency receives notice of the dispute from

the consumer."

73.     Pursuant to 15 U.S.C. § 1681i(a)(4) Defendant Experian must "review and consider

all relevant information submitted by the consumer" when it conducts any reinvestigation

requested by a consumer.

74.     Here, Plaintiff sent a dispute letter along with supporting documentation to

Experian requesting that Experian remove the fraudulent LVNV Funding collection account

information from her Experian credit report.

75.     Defendant Experian failed to conduct a reasonable investigation of the inaccurate and unverifiable information in Plaintiff's Experian credit file regarding the fraudulent LVNV Funding collection account after receiving actual notice of the inaccuracies with supporting documentation showing that the LVNV Funding collection account was reporting inaccurately.

76.     Defendant Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

77.     Defendant Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions,including, but not limited to, the following:

a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's dispute concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

b.  failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

c.  failing to provide Plaintiff's disputes to the companies that provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

d.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

e.  failing to properly delete items of disputed information from Plaintiff's credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

78.     These violations of §§ 1681e(b) and 1681i were willful, rendering Defendant Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

79. In the alternative, Defendant Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

80. Plaintiff has suffered credit card denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Experian's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant Experian;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. such other relief as the Court deems equitable, just, and proper.

## COUNT IV – Experian -Failure to Block Information
## Violations of FCRA § 1681c-2

81. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

82. Pursuant to 15 U.S.C. § 1681c-2(a) a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

83. Pursuant to 15 U.S.C. § 1681c-2(b) A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (1) that the

information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block.

84.     Pursuant to 15 U.S.C. § 1681c-2(c)2, "If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly."

85.     Here, Plaintiff sent a dispute letter to Experian explaining that the LVNF Funding collection account was the result of her identity being stolen and included proof of identity, a copy of her FTC identity theft report and a copy of her City of Chicago police report with her dispute letter.

86.     Defendant Experian continued to report the fraudulent LVNV Funding collection account on Plaintiff's credit file and did not respond to or notify Plaintiff that an identity theft block of the LVNV Funding collection account was declined.

87.     Defendant Experian violated 15 U.S.C. § 1681c-2(a) by its conduct, acts, and omissions in failing to block the reporting of information in Plaintiff's consumer file regarding the fraudulent LVNV Funding collection account after receiving actual notice of the identity theft with supporting documentation.

88.     Defendant Experian violated multiple sections of 15 U.S.C. § 1681c-2 by its acts and omissions,including, but not limited to, the following:

      a.     failing to block the reporting of information in Plaintiff's consumer credit file within 4 business days after receiving notice that the LVNV Funding collection account was the result of Plaintiff's identity being stolen in violation of § 1681c-2(a);

      b.     failing to promptly notify LVNV Funding that the information in Plaintiff's consumer credit file may be the result of identity theft in violation of § 1681c-2(b)(1);

      c.     failing to promptly notify LVNV Funding that an identity report has been filed regarding the fraudulent LVNV Funding collection account in violation of § 1681c-2(b)(2);

> d.   failing to promptly notify LVNV Funding that a block on Plaintiff's credit file had been requested and the effective dates of said block in violation of § 1681c-2(b)(3) and (4); and
>
> e.   failing to promptly notify the Plaintiff that a block of the LVNV Funding collection account had been declined or rescinded in violation of § 1681c-2(c)(2).

89.   These violations of §§ 1681c-2 were willful, rendering Defendant Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

90.   In the alternative, Defendant Experian's violations of § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

91.   Plaintiff has suffered credit card denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Experian's failure to fully and properly process a block of the fraudulent information in Plaintiff's credit file.

WHEREFORE, Plaintiff requests that this Honorable Court:

> a.   Enter judgment in Plaintiff's favor and against Defendant Experian;
> b.   Appropriate statutory penalties for each violation of the FCRA;
> c.   Actual damages;
> d.   Punitive damages;
> e.   Reasonable attorney's fees and the costs of this litigation;
> f.   Pre-judgment and post-judgment interest at the legal rate;
> g.   Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
> h.   such other relief as the Court deems equitable, just, and proper.

## COUNT V – Equifax -Failure to Reasonably Investigate
## Violations of FCRA §§ 1681e(b) and 1681i

92.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

93.   A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

94.     Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

95.     Pursuant to 15 U.S.C. § 1681i(a)(1)(A), if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

96.     Pursuant to 15 U.S.C. § 1681i(a)(4) Defendant Equifax must "review and consider all relevant information submitted by the consumer" when it conducts any reinvestigation requested by a consumer.

97.     Here, Plaintiff sent a dispute letter along with supporting documentation to Equifax requesting that Equifax remove the fraudulent LVNV Funding collection account information from her Equifax credit report.

98.     Defendant Equifax failed to conduct a reasonable investigation of the inaccurate and unverifiable information in Plaintiff's Equifax credit file regarding the fraudulent LVNV Funding collection account after receiving actual notice of the inaccuracies with supporting documentation showing that the LVNV Funding collection account was reporting inaccurately.

99.     Defendant Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

100.     Defendant Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's dispute concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b. failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

   c. failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

   d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

   e. failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

101.     These violations of §§ 1681e(b) and 1681i were willful, rendering Defendant Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

102.     In the alternative, Defendant Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

103. Plaintiff has suffered credit card denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Equifax's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant Equifax;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;
    d. Punitive damages;
    e. Reasonable attorney's fees and the costs of this litigation;
    f. Pre-judgment and post-judgment interest at the legal rate;
    g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
    h. such other relief as the Court deems equitable, just, and proper.

## COUNT VI – Equifax -Failure to Block Information
## Violations of FCRA § 1681c-2

104. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

105. Pursuant to 15 U.S.C. § 1681c-2(a) a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

106. Pursuant to 15 U.S.C. § 1681c-2(b) A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block.

107. Pursuant to 15 U.S.C. § 1681c-2(c)2, "If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly."

108.     Here, Plaintiff sent a dispute letter to Equifax explaining that the LVNF Funding collection account was the result of her identity being stolen and included proof of identity, a copy of her FTC identity theft report and a copy of her City of Chicago police report with her dispute letter.

109.     Defendant Equifax continued to report the fraudulent LVNV Funding collection account on Plaintiff's credit file and did not respond to or notify Plaintiff that an identity theft block of the LVNV Funding collection account was declined.

110.     Defendant Equifax violated 15 U.S.C. § 1681c-2(a) by its conduct, acts, and omissions in failing to block the reporting of information in Plaintiff's consumer file regarding the fraudulent LVNV Funding collection account after receiving actual notice of the identity theft with supporting documentation.

111.     Defendant Equifax violated multiple sections of 15 U.S.C. § 1681c-2 by its acts and omissions, including, but not limited to, the following:

   a.     failing to block the reporting of information in Plaintiff's consumer credit file within 4 business days after receiving notice that the LVNV Funding collection account was the result of Plaintiff's identity being stolen in violation of § 1681c-2(a);

   b.     failing to promptly notify LVNV Funding that the information in Plaintiff's consumer credit file may be the result of identity theft in violation of § 1681c-2(b)(1);

   c.     failing to promptly notify LVNV Funding that an identity report has been filed regarding the fraudulent LVNV Funding collection account in violation of § 1681c-2(b)(2);

   d.     failing to promptly notify LVNV Funding that a block on Plaintiff's credit file had been requested and the effective dates of said block in violation of § 1681c-2(b)(3) and (4); and

   e.     failing to promptly notify the Plaintiff that a block of the LVNV Funding collection account had been declined or rescinded in violation of § 1681c-2(c)(2).

112.    These violations of §§ 1681c-2 were willful, rendering Defendant Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

113.    In the alternative, Defendant Equifax's violations of § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

114.    Plaintiff has suffered credit card denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Equifax's failure to fully and properly process a block of the fraudulent information in Plaintiff's credit file.

WHEREFORE, Plaintiff requests that this Honorable Court:

   a.  Enter judgment in Plaintiff's favor and against Defendant Equifax;
   b.  Appropriate statutory penalties for each violation of the FCRA;
   c.  Actual damages;
   d.  Punitive damages;
   e.  Reasonable attorney's fees and the costs of this litigation;
   f.  Pre-judgment and post-judgment interest at the legal rate;
   g.  Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
   h.  such other relief as the Court deems equitable, just, and proper.

## COUNT VII – LVNV Funding LLC
## Failure to Reasonably Investigate
## FCRA §§ 1681s-2(b)

115.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein

116.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after a furnisher of information receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [that furnisher of information] shall conduct an investigation with respect to the disputed information."

117.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after a furnisher of information receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [that furnisher of information] shall review all relevant information provided by the consumer reporting agency…"

118.     Defendant LVNV Funding failed to fully and properly investigate Plaintiff's disputes.

119.     Defendant LVNV Funding failed to review all relevant information provided by the credit reporting agencies relating to Plaintiff's disputes.

120.     Defendant LVNV Funding failed to review all relevant information provided by credit reporting agencies relating to Plaintiff's disputes.

121.     Defendant LVNV Funding's conduct, action, and inaction was willful, or, in the alternative, negligent.

122.     Plaintiff has suffered credit card denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Defendant LVNV Funding's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests this Honorable Court to:

a.     Enter judgment in Plaintiff's favor and against Defendant LVNV Funding;
b.     Award appropriate statutory penalties for each violation of the FCRA;
c.     Award statutory damages;
d.     Award actual damages;
e.     Award punitive damages;
f.     Award reasonable attorney's fees and the costs of this litigation;
g.     Award pre-judgment and post-judgment interest at the legal rate;
h.     Award appropriate equitable relief, including the correction of Plaintiff's credit reports; and,
i.     Award such other relief as the Court deems equitable, just, and proper.

## COUNT VIII – LVNV Funding LLC
## FDCPA Violations of §§ 15 U.S.C. §1692e and §1692f

123.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

124.    The foregoing acts and omissions of the Defendant LVNV Funding constitute violations of the FDCPA including but not limited to violation of 15 U.S.C. §1692e and §1692f by publishing false credit information about Plaintiff to the credit reporting agencies; misrepresenting the amount, status and character of Plaintiff's alleged collection in the credit information provided to the credit reporting agencies, and attempting to collect a debt from Plaintiff that she does not owe.

125.    Section 1692e(2)(A) prohibits a debt collector from using ""any false, deceptive, or misleading representation or means in connection with the collection of any debt," which also includes the false representation of "the character, amount, or legal status of any debt."

126.    LVNV Funding violated Section 1692e(2)(A) by attempting to collect a debt from Plaintiff which, by law, at the time the debt collection letter was sent and the lawsuit was filed, she did not owe because it was the product of identity theft. Because LVNV Funding was not permitted to attempt to collect from Plaintiff due to the identity theft, it violated the FDCPA by sending Plaintiff letters and filing suit against her.

127.    Specifically, LVNV Funding's debt collection letter and lawsuit petition, and other communications falsely represent "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, she is shielded from such liability.

128.    15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in

statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

129.    As a result of Defendant LVNV Funding's violations of the FDCPA, Plaintiff is entitled from Defendant LVNV Funding: actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff requests this Honorable Court to:

    a.  Enter judgment in Plaintiff's favor and against Defendant LVNV Funding;
    b.  Award appropriate statutory penalties for each violation of the FDCPA;
    c.  Award statutory damages;
    d.  Award actual damages;
    e.  Award reasonable attorney's fees and the costs of this litigation;
    f.  Award pre-judgment and post-judgment interest at the legal rate;
    g.  Award appropriate equitable relief, including the correction of Plaintiff's credit reports; and,
    h.  Award such other relief as the Court deems equitable, just, and proper.

### JURY

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: September 4, 2025                                   Respectfully submitted,

/s/: *James M. Smith*
Richard Doherty (6226707)
James M. Smith (6285183)
Rebecca Fredona (6326914)
Doherty Smith, LLC
7000 W. 127th Street
Palos Heights, IL 60462
Phone: 312-319-2879
RDoherty@dohertysmith.com
JSmith@dohertysmith.com
rfredona@dohertysmith.com

*Attorneys for Plaintiff*

## VERIFICATION

Plaintiff Vanessa Hernandez declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Illinois.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Illinois that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 9/4/2025

ID LWxkhQXxx7iUkmMezKjT6G4C

/s/ Vanessa Hernandez, Plaintiff

27