**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VANESSA HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:25-cv-10650 |
| | ) | |
| v. | ) | Honorable LaShonda A. Hunt |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| TRANS UNION LLC, and LVNV FUNDING LLC | ) | |
| | ) | |
| Defendants. | | |

**INITIAL STATUS REPORT FOR NEW CASE**

Plaintiff Vanessa Hernandez, ("Plaintiff") and Defendants EQUIFAX INFORMATION

SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian"),

TRANS UNION LLC ("Trans Union"), and LVNV FUNDING LLC ("LVNV Funding")

(collectively the "Defendants") hereby submit this Joint Status Report as requested by this Court's

September 5, 2025, Order [Doc. 3].

**Joint Status Report**

    **I.**   **The Nature of the Case**:

        **A.**   **Identify (names and contact information) all attorneys of record for each**
            **party, including the lead trial attorney;**

            Richard Doherty
            James M. Smith -*lead trial attorney*
            Rebecca Fredona
            Doherty Smith, LLC
            7000 W. 127th Street
            Palos Heights, IL 60462
            Phone: 312-319-2879
            RDoherty@dohertysmith.com

1

JSmith@dohertysmith.com
rfredona@dohertysmith.com
*Attorneys for Plaintiff*

Stephen D. Lozier
Troutman Pepper Locke LLP
111 S. Wacker Dr., Ste. 4100
Chicago, IL 60606
Telephone: (312) 759-3203
stephen.lozier@troutman.com
*Attorney for Defendant Experian Information Solutions, Inc.*

Pamela Q. Devata
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606 -6448
Telephone: (312) 460-5000
pdevata@seyfarth.com
*Attorneys for Defendant Equifax Information Services LLC*

Jason S. Roberts
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 613
jason.roberts@qslwm.com
*Attorney for Defendant Trans Union, LLC*

Nabil G. Foster
Alyssa A. Johnson
BARRON & NEWBURGER, PC
53 W. Jackson Blvd. Suite 1205
Chicago, IL 60604
Telephone: 312-767-5750
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com
*Attorneys for LVNV Funding LLC*

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims;**
**C. Briefly identify the major legal and factual issues in the case; and**
**D. State the relief sought by any of the parties.**

**Plaintiff:**

2

This is an individual Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA") case concerning a fraudulent LVNV Funding account that appeared on Plaintiff's Trans Union, Equifax and Experian credit reports. The fraudulent account did not belong to Plaintiff, and Plaintiff filed a police report and FTC affidavit regarding this account. Plaintiff disputed the unauthorized account and reported the identity theft to the Defendants. Plaintiff alleges all Defendants failed to conduct a reasonable investigation into Plaintiff's disputes and Trans Union, Equifax and Experian failed to block the fraudulent information after receiving notice of the identity theft as required under the FCRA. The fraudulent account has not been removed from Plaintiff's Trans Union, Equifax and Experian credit files. This false debt balance has caused damage to Plaintiff. Plaintiff alleges Defendants violated the Fair Credit Reporting Act ("FCRA") for failure to ensure accuracy under §1681e(b) of the FCRA, failure to conduct a reasonable investigation under § §1681i and 1681s-2(b), and failure to block information under §1681c-2. Plaintiff seeks statutory penalties for each violation, actual damages, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest and the legal rate.

**Defendant Equifax**:
Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

**Defendant Experian:**
This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) for violations of the FCRA. Defendant Experian denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damages as a result of any alleged wrongful actions or inactions of Experian. Discovery has not yet begun, and Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein. The major legal and factual issues in the case are the nature of Plaintiff's dispute(s), whether Experian conducted a reasonable reinvestigation, if required, of a dispute of factually inaccurate information in response to a consumer dispute made directly to Experian by Plaintiff in accordance with 15 U.S.C. § 1681i(a), and whether Experian

maintained and followed reasonable procedures designed to ensure maximum possible accuracy of the information concerning Plaintiff in accordance with 15 U.S.C. § 1681e(b), and whether Plaintiff can demonstrate that she suffered any damages that were causally related to any violation of the FCRA.

**Defendant Trans Union:**

Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union. Further, the principal issues are: whether Plaintiff's Trans Union credit files contained any inaccuracy; whether any Trans Union consumer report(s) regarding Plaintiff contained an inaccuracy; whether Trans Union conducted a reasonable reinvestigation in response to Plaintiff's dispute of the account(s) at issue; whether Trans Union maintained reasonable procedures to assure the maximum possible accuracy of consumer report(s) regarding Plaintiff; whether any failure to conduct a reasonable investigation or maintain reasonable procedures was willful or negligent; whether Plaintiff suffered any damages; and whether Plaintiff alleged damages were caused by Trans Union.

**Defendant LVNV Funding:** LVNV denies the allegations of Plaintiff. Plaintiff made regular payments on the Credit Once Bank credit card account to the original creditor prior to LVNV's ownership of the account. LVNV concurs with the statements of TransUnion, Equifax and Experian regarding the legal and factual issues in this case.

## II. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

### A. Identify all federal statutes on which federal question jurisdiction is based;

The Court has original jurisdiction pursuant to 28. U.S.C. § 1331 and 15 U.S.C. § 1681p.

### B. If jurisdiction over any claim is based on diversity or supplemental jurisdiction:

1. State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute);
2. Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified. Note that

**individuals are citizens of the state where they are domiciled which may or may not be the state where they currently reside.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669, 670 (7th Cir. 2012).**

Not applicable.

**III.  Status of Service**: **Identify any defendants that have not been served.**

None.

**IV.  Motions:**

**A.  Briefly describe any pending motions.**

There are no pending motions.

**B.  State whether the Defendants anticipate responding to the complaint by filing an answer or by means of motion.**

Defendants Trans Union and LVNV Funding filed their answers to Plaintiff's Complaint on September 30, 2025.
Defendant Equifax filed its answer to Plaintiff's Complaint on October 1, 2025.
Defendant Experian filed its answer to Plaintiff's Complaint on October 30, 2025.

**V.  Case Plan**:

**A.  Submit a proposal for a discovery plan, including the following information:**

**1.  The general type of discovery needed;**

Plaintiff anticipates seeking discovery with respect to Defendants' preparation of credit reports regarding Plaintiff; Defendants' policies and procedures for preparation of credit reports; the dissemination of Plaintiff's credit reports; the furnishing of information to Plaintiff's credit reports; policies and procedures regarding identity theft claims and blocks; actions taken in response to the disputes submitted by Plaintiff; Defendants' policies and procedures for handling consumer disputes; and the damages sustained by Plaintiff as a result of the inaccurate reporting disseminated by Defendants.

Defendant Equifax: Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit

file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

Defendant Experian anticipates serving written discovery on Plaintiff and taking Plaintiff's deposition following written discovery. Experian anticipates conducting discovery regarding and circumstances surrounding the allegations in Plaintiff's Complaint, communications between Plaintiff and Experian, communications between Plaintiff and third-party furnishers at issue, communications between Plaintiff and the underlying creditor for the account at issue, communications between Plaintiff and the other parties to this action, communications between Experian with third-party furnishers at issue, reinvestigations conducted by Plaintiff's creditors, communications between Plaintiff and her creditors, Plaintiff's credit history, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report, Plaintiff's purported damages, whether Plaintiff failed to mitigate her purported damages, and any other issue(s) raised by the pleadings or discovery.

Defendant Trans Union: Trans Union anticipates serving written discovery on the Plaintiff and taking Plaintiff's deposition once written discovery is complete. Based on what is presently known, Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, communications between Plaintiff and Trans Union, communications between Plaintiff and third-party furnishers at issue, communications between Trans Union with

third-party furnishers at issue, reinvestigations conducted by Plaintiff's creditors, communications between Plaintiff and her creditors, Plaintiff's credit history and usage, the fact and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report, and any other issue(s) raised by the pleadings or discovery.

Defendant LVNV Funding: LVNV agrees with discovery proposals by Equifax, TransUnion and Experian.

**2.   A date for Rule 26(a)(1) disclosures;**

Parties will exchange Rule 26(a)(1) disclosures by **November 11, 2025**.

**3.   First date by which to issue written discovery;**

The parties will issue written discovery after they have served their Rule 26(a)(1) disclosures on or before **November 11, 2025**.

**4.   A proposed fact discovery completion date;**

The parties are to complete fact discovery by **June 17, 2026**.

**5.   A proposed deadline for amended pleadings and join parties; and**

The proposed deadline for amended pleadings is **January 9, 2026.**

**6.   An expert discovery completion date; including dates for the delivery of expert reports; and**

Plaintiff 's expert disclosures and reports under Rule 26(a)(2)(B) due by **July 29, 2026**.

Defendants' expert disclosures and reports under Rule 26(a)(2)(B) due by **September 3, 2026**.

All rebuttal expert disclosures and reports under Rule 26(a)(2)(B) due by **September 30, 2026**.

The parties are to complete expert discovery by **October 28, 2026.**

7

7. **Whether either party anticipates filing dispositive motions. Please note that a schedule is typically set once all discovery is complete.**

Currently, the parties are still determining whether summary judgment motions or motions in limine will be filed on any specific issue or claim. The parties anticipate they may file such motions after discovery has been completed.

Trans Union: Trans Union anticipates filing a Motion for Summary Judgment/Adjudication and standard pre-trial motions.

Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages. Equifax reserves the right to file all appropriate motions, including motions in limine.

Experian anticipates filing a motion for summary judgment following the close of discovery. Experian further reserves the right to file all other appropriate pre-trial motions.

LVNV anticipates filing a motion for summary judgment.

**B. With respect to trial, indicate the following:**
   **1. Whether a jury trial is requested; and**
   **2. The probable length of trial.**

Plaintiff has demanded a jury trial in this matter. The parties estimate that a trial will take 2-3 days.

Trans Union: Trans Union estimates that the trial will take 4 to 5 days.

LVNV: Trial estimate is 4 to 5 days.

Experian estimates a trial will take 4 to 5 days.

**VI. Status of Settlement Discussions:**

   **A. Indicate whether any settlement discussions have occurred;**
   **B. Describe the status of any settlement discussions; and**
   **C. Whether the parties request a settlement conference.**

Plaintiff has issued settlement demands to Defendants Experian, Equifax and Trans Union, and settlement discussions are ongoing. The parties are open to a settlement conference after the completion of all discovery.

Date:   November 12, 2025,                    Respectfully Submitted

By:     /s/*Rebecca Fredona*
        Richard Doherty (6226707)
        James M. Smith (6285183)
        Rebecca Fredona (6326914)
        Doherty Smith, LLC
        7000 W. 127th Street
        Palos Heights, IL 60462
        Phone: 312-319-2879
        RDoherty@dohertysmith.com
        JSmith@dohertysmith.com
        rfredona@dohertysmith.com
        *Attorneys for Plaintiff*

        /s/*Pamela Q. Devata* (with consent)
        Pamela Q. Devata
        Seyfarth Shaw LLP
        233 South Wacker Drive, Suite 8000
        Chicago, Illinois 60606-6448
        Telephone: (312) 460-5000
        pdevata@seyfarth.com
        *Attorneys for Defendant Equifax Information Services LLC*

        /s/ *Stephen D. Lozier* (with consent)
        Stephen D. Lozier
        Troutman Pepper Locke LLP
        111 S. Wacker Dr., Ste. 4100
        Chicago, IL 60606
        Telephone:  (312) 759-3203
        Email:  stephen.lozier@troutman.com
        *Attorney for Defendant Experian Information Solutions, Inc.*

/s/*Jason S. Roberts* (with consent)
Jason S. Roberts
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 613
Email: jason.roberts@qslwm.com

/s/ *Nabil G. Foster* (with consent)
Nabil G. Foster
Alyssa A. Johnson
BARRON & NEWBURGER, PC
53 W. Jackson Blvd. Suite 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com
*Attorneys for LVNV Funding LLC*